[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S REVISED MOTION TO CHANGE CUSTODY (#309) PLAINTIFF'S MOTIONS FOR CONTEMPT (#288, #300, #312) DEFENDANT'S MOTION FOR MODIFICATION (#303) ATTORNEY FOR CHILDREN — COUNSEL FEES (#311)
I. Plaintiff's Revised Motion to Change Custody (#309)
The marriage of the parties was dissolved on November 23, 1987. Sole legal and physical custody of their two minor children, William, born January 8, 1984, and Jessa, born August 28, 1985, was awarded to the defendant. In 1988, the plaintiff moved to modify the custody order. After a family services study was completed, the court entered an order, based on a stipulation of the parties, on October 12, 1989, that there would be joint legal custody with physical custody to the defendant.
In 1990, each party filed a motion to alter the custodial arrangement. The defendant requested sole custody of both children, and the plaintiff wanted joint legal custody to remain the order but desired physical custody of the children. On September 28, 1990, after a full trial on both motions, this court denied both motions. Therefore, the present order is the parties share joint legal custody with the defendant having physical custody of the children.
The present motion of the plaintiff, dated April 7, 1992, seeks to modify custody once again, and the plaintiff now requests sole legal and physical custody of both children. The plaintiff alleges that since the trial in September, 1990 material changes and events have occurred warranting a change in the present order.
This court held hearings on this motion on eight days commencing on October 27, 1992. Testimony was presented by approximately eighteen witnesses. They included mental health professionals, educators, family services counselors, the parties and their relatives. Various hospital records were admitted as exhibits. The children were ably represented by counsel as were the parties.
The older child, William, suffers from an attention deficit hyperactivity disorder. During 1991, he required treatment by a private psychiatrist and the Mid-Fairfield Child Guidance Center. CT Page 10700 In early 1992, William was hospitalized for a period of time at the St. Raphael Children's Psychiatric Emergency Services Unit. He presently exhibits problems but is not receiving any sustained medical attention to address the situation.
The evidence presented clearly demonstrates that circumstances in the lives of the children and the parties have materially and dramatically changed since the 1990 hearing involving the question of custody.
The plaintiff has put into issue the present parenting abilities of the defendant. He has produced overwhelming evidence of a mother who refuses to recognize the needs of a fragile child and who appears to be consumed with her own problems. Witness after witness has testified that the child, William, requires medical attention including medication, and without any reasonable basis, the defendant has refused to seek the assistance recommended.
All the experts testified that the children require a structured stable environment. The evidence indicates that the defendant no longer is providing such surroundings. The defendant has her own personal problems which require attention but to date have not been attended to by her.
The court finds that the defendant presently is not capable to care to the needs of her children.
The plaintiff has satisfied the court that he is a suitable caring parent. He appears sensitive to the needs of his children and is prepared to deal with their problems. He has investigated the school situation in the community where he resides and has made arrangements for placement of his children. Further, the plaintiff recognizes the need for his son to have medical attention and is prepared to promptly provide the necessary services. The court believes that the plaintiff with the assistance of his mother and his housekeeper will provide the stable environment required. Clearly, the plaintiff is the parent more capable to be the custodial parent at this time.
Although most of the evidence was directed to the problems of the child, William, there was sufficient evidence to persuade the court that the other child, Jessa, would be better off living with her father. It would not be in Jessa's best interest for her to be separated from her brother and to be left in the care of a parent CT Page 10701 who has her own problems.
The plaintiff's motion (#309) is granted. The plaintiff is awarded sole legal and physical custody of the two minor children, William and Jessa. As a result of this, the following additional orders may enter:
1. The defendant shall turn over custody of the children not later than Friday, December 4, 1992 at 10 a.m. The defendant shall turn over to the plaintiff the children's clothing and toys.
2. The transfer of custody ordered above shall occur even if the defendant appeals this judgment. The best interests of the children, in this case, demand that their custodial parent be changed immediately.
3. The defendant shall have rights of reasonable visitation with the children. The family services unit is ordered to meet with the parties, their counsel, including counsel for the children, and consult with the treating mental health professionals that will be working with the children, for the purpose of preparing a recommended visitation schedule. Upon completion of the report, this court will schedule a hearing to allow the parties to be heard as to the defendant's visitation schedule.
Until the orders concerning visitation by the defendant are finalized, the following orders shall remain in effect:
a. There will be no visitation by the defendant for a period of two weeks after the children move into the plaintiff's home;
b. Thereafter, the defendant may exercise visitation in North Carolina every other weekend, and the children shall not be removed from that state. The weekend shall be from Saturday at 9 a.m. to Sunday at 6 p.m.;
c. The defendant shall have telephone access to the children from the time they arrive at their father's home. However, the calls shall be limited to one call per day to be made at a reasonable time.
4. The plaintiff's obligation to pay child support shall terminate on December 7, 1992. If the plaintiff's child support payments are current, the defendant shall repay to the plaintiff CT Page 10702 the four weeks of pre-paid child support he has made. This shall be done by December 31, 1992.
The plaintiff's requests for child support payments from the defendant and for taking the children as dependents for federal income tax purposes are denied. They will be considered if the plaintiff files appropriate motions and a hearing is held thereon.
II. Plaintiff's Motions for Contempt — #288, #300, #312
A. Motions #288 and #312 are denied.
B. Motion #300 denied without prejudice to plaintiff to reclaim motion for evidentiary hearing.
III. Defendant's Motion for Modification #303
Defendant's Motion is denied. Issue is moot.
IV. Attorney for children — Counsel Fees #311
Motion is granted. Counsel is awarded fees in the amount of $13,500. The balance of $12,500 is ordered paid as follows: the plaintiff shall be responsible for $9500 and the defendant shall pay $3000.
So Ordered.
NOVACK, J.